**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0091n.06

No. 12-5783

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jan 25, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DALLAS RAY ROBERTSON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| COMMISSIONER OF SOCIAL SECURITY, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: BOGGS and WHITE, Circuit Judges; MCCALLA, District Judge.[*]

PER CURIAM. Dallas Ray Robertson appeals the district court's judgment affirming the denial of his applications for disability insurance benefits and supplemental security income benefits.

In 2004, Robertson filed applications for disability insurance benefits and supplemental security income benefits, alleging that he became disabled in July 2000. After the Social Security Administration denied the applications, Robertson requested a hearing. An administrative law judge (ALJ) conducted a hearing and denied Robertson relief. The Appeals Council declined to review the case. Robertson sought review in the district court. A magistrate judge recommended denying Robertson relief and, over Robertson's objections, the district court adopted the recommendation and entered judgment in favor of the Commissioner of Social Security.

---

[*]The Honorable Jon P. McCalla, Chief United States District Judge for the Western District of Tennessee, sitting by designation.

No.  12-5783
*Robertson v. Comm'r of Soc. Sec.*

On appeal, Robertson argues that:  (1) the ALJ erred by concluding that he did not meet the regulatory listing for recurrent cardiac arrhythmias; and (2) the ALJ erred by failing to obtain the medical evidence necessary to properly assess his claim of disability.  "Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009).  "The substantial-evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id.* at 406 (internal quotation marks omitted).  "We give de novo review to the district court's conclusions on each issue." *Id.*

Robertson first argues that the ALJ erred by concluding that he did not meet the regulatory listing for recurrent cardiac arrhythmias.  *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 4.05.  "[T]o be found disabled based upon a listed impairment, the claimant must exhibit all the elements of the listing." *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003).  "It is insufficient that a claimant comes close to meeting the requirements of a listed impairment." *Id.* The requirements of section 4.05 are met where a claimant has a recurrent arrhythmia that is not fully controlled and that results in uncontrolled recurrent episodes of syncope or near syncope, and there is a documented association between the recurrent arrhythmia and the syncope or near syncope. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 4.00F(3)(a), (c), 4.05.  "Syncope" is defined as "a loss of consciousness or a faint," while "near syncope" is defined as "a period of altered consciousness." 20 C.F.R. pt. 404, subpt. P, app. 1, § 4.00F(3)(b).

The ALJ's determination that Robertson did not meet the regulatory listing for recurrent cardiac arrhythmias was supported by substantial evidence.  Robertson has identified no evidence

in the record demonstrating that, during his alleged period of disability, he had a recurrent arrhythmia that was not fully controlled. Further, there is no evidence establishing an association between Robertson's alleged episodes of syncope or near syncope and a recurrent arrhythmia.

Robertson also argues that the ALJ erred by deciding his case without obtaining the medical evidence necessary to properly assess his claim of disability. Robertson asserts that the ALJ should have either ordered a consultative examination with a cardiologist or obtained the medical records concerning the replacement of his pacemaker and his cardiac catheterization for consideration by the consulting physicians.

The ALJ did not err by failing to obtain the evidence at issue. Given the considerable amount of medical evidence in the record concerning Robertson's cardiovascular problems and his resulting functional capability, including test results, physicians' notes, and opinion evidence from multiple physicians, and the lack of any significant inconsistencies in the evidence, the ALJ was not obligated to order a consultative examination with a cardiologist. *See* 20 C.F.R. § 404.1519a. Further, the ALJ did not err by failing to obtain the medical records at issue because the record contained sufficient evidence documenting the replacement of Robertson's pacemaker and its impact on him and the ALJ made a reasonable effort to obtain the records concerning Robertson's cardiac catheterization by granting his counsel extra time to obtain the records, *see* 20 C.F.R. pt. 404, subpt. P, app. 1, § 4.00C(15)(a).

Accordingly, we affirm the district court's judgment.